UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

DORA MARTINEZ, and other similarly )
situated individuals, )
   )
   Plaintiff(s), )
   )
v. )
   )
1236 OCEAN DRIVE LLC d/b/a Hotel )
Ocean, Inc.; IL GIARDINO, LLC; and )
IMAN DUZ, )
   )
   Defendants. )
_____)

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs DORA MARTINEZ ("Plaintiff") and other similarly situated individuals sue defendants 1236 OCEAN DRIVE LLC d/b/a Hotel Ocean, Inc., IL GIARDINO, LLC and IMAN DUZ (collectively, "Defendants") and allege:

**JURISDICTION**

1.  This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE & BACKGROUND**

2.  Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.  1236 OCEAN DRIVE LLC d/b/a Hotel Ocean, Inc., IL GIARDINO, LLC (collectively, the "Corporate Defendants") and IMAN DUZ (the "Individual Defendant"), are

companies and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade, Florida.

4. Corporate Defendants are entities engaged in related activities, which perform through a unified operation, with a common management, with a common business purpose, under the common control and administration of the same individual(s).

5. Corporate Defendants share common management, employees, centralized control of labor relations, and common offices and interrelated operations. Corporate Defendants are an integrated enterprise. Alternatively, each company is a covered enterprise under the Act.

6. Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Corporate Defendants are joint employers. Alternatively, each company is a covered enterprise under the Act.

**COUNT I: WAGE AND HOUR VIOLATION BY THE CORPORATE DEFENDANTS**

7. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

8. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40

2

hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as an organization which sells and/or markets their services and/or goods to customers from throughout the United States and also provides their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are a Hotel and Restaurant and, through their business

3

activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a Cook for the Corporate Defendants' business.

11. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 60 hours per week without being compensated at the rate of not less than one and one-half times the regular rate at which she was employed. Plaintiff was employed as a Cook performing the same or similar duties as that of those other similarly situated cooks whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

12. Plaintiff worked for the Corporate Defendants from approximately 7/1/2017 to 7/16/2018.  In total, Plaintiff worked approximately 54 compensable weeks under the Act, or 54 compensable weeks if we count 3 years back from the filing of the instant action.

13. The Corporate Defendants paid Plaintiff on average approximately $14 per hour.

14. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

15. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

16. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   a. **Actual Damages: $7,600**

      i. <u>Calculation</u>: $14 (hourly pay) x .5 (overtime rate) x 20 (approximate number of overtime hours) x 54 (compensable weeks) = $7,600

4

    b. **Liquidated Damages:** $7,600

    c. **Total Damages: $15,200** plus reasonable attorneys' fees and costs of suit.

17. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

18. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

19. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

5

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800      Telephone: 305.503.5131
Aventura, Florida 33180              Facsimile: 888.270.5549

20. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT II: WAGE AND HOUR VIOLATION BY
### IMAN DUZ (OVERTIME)

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. At the times mentioned, the Individual Defendant was, and is now, the Owner and/or Officer of IL GIARDINO, LLC. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in

6

relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

23. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

24. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

25. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

7

E.  Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: 9/06/2018.

Respectfully submitted,

By:  /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549

8